**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SANDY H. LIEU,**

   **Plaintiff,**

**v.**             **Case No.: 3:07cv345/MCR/MD**

**SANDY SANSING CARS, INC.
d/b/a SANDY SANSING MAZDA,**

   **Defendant.**
_____/

### O R D E R

   This case is before the court on plaintiff's Amended Motion to Remand, to which defendant has responded. For the reasons that follow, plaintiff's motion is DENIED.

   Plaintiff initially filed this action in the Circuit Court of Escambia County, Florida. Plaintiff's complaint included ten counts, one of which alleged a violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. Because the complaint asserted a federal question, defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff then filed a first amended complaint, which deleted the only federal claim, and filed a motion to remand, arguing that remand was required because the sole federal claim had been dropped and the court no longer had federal subject matter jurisdiction over the case.[1] In the alternative, plaintiff argued that the court should exercise its discretion and remand the case to state court.

   In cases removed from state to federal court, "the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction." Pintando

---

[1] Because plaintiff filed her first amended complaint before defendant responded to the original complaint, she was not required to seek the court's leave to amend her complaint. See Adams v. Quattlebaum, 219 F.R.D. 195, 197 (D.D.C. 2004) ("[U]nder [Federal Rule of Civil Procedure] 15(a) the plaintiff enjoys an 'absolute right' to amend the complaint once at any time prior to a responsive pleading or the granting of a motion to dismiss.").

v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (citing Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000);[2] Behlen v. Merrill Lynch, 311 F.3d 1087 (11th Cir. 2002)).  This court properly had original jurisdiction over plaintiff's federal claim (see 28 U.S.C. § 1331) as well as supplemental jurisdiction over plaintiff's pendent state law claims (see 42 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.C.t 1130, 1138, 16 L.Ed.2d 218 (1966)) when the case was removed .  Further, plaintiff's amendment of her complaint after removal did not divest the court of subject matter jurisdiction.  Poore, 218 F.3d at 1290-91; Behlen, 311 F.3d at 1095 (explaining that changes to pleadings made after removal in diversity cases do not deprive the court of supplemental jurisdiction). Accordingly, because the court properly had subject matter jurisdiction over this case at the time of removal, plaintiff's subsequent amendment to her complaint deleting her federal claim did not divest the court of its subject matter jurisdiction over her state claims and remand is not now required.

Although the court is not required to remand the case, it does have the discretion to decline to continue exercising supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004); Behlen, 311 F.3d at 1095.  "[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (internal quotation marks omitted) (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).  The court may also consider "whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case."  Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 211 (6th Cir. 2004) (internal quotation marks omitted) (quoting Cohill, 484 U.S. at 357). Supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases

---

[2]  The Eleventh Circuit's holding in Poore was subsequently overruled on other grounds in Alvarez v. Uniroyal Tire Co., 2007 WL 4146718 (11th Cir. Nov. 21, 2007) (citing Powerex Corp. v. Reliant Energy Services, Inc., — U.S. —, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007)).

involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Cohill, 484 U.S. at 350.

In determining whether to retain jurisdiction over state claims when all federal claims have been dropped, federal courts "enjoy wide latitude." Kendall v. City of Chesapeake, Virginia, 174 F.3d 437, 444 n. 4 (4th Cir. 1999) (quoting Jordahl v. Democratic Party, 122 F.3d 192, 203 (4th Cir. 1997)). Although district courts are encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial (see Raney, 370 F.3d at 1089 (citing Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)), district courts have also been instructed to guard against a plaintiff's decision to delete a federal claim solely for the purpose of defeating an otherwise proper removal by the defendant (see Brown v. Southwestern Bell Telephone Co., 901 F.2d 1250, 1255 (5th Cir. 1990)). This type of forum manipulation tactic is frowned upon and should not be condoned. Id.

Here, the court finds that, notwithstanding issues of judicial economy and comity weighing in favor of remand, important fairness and policy considerations predominate and dictate in favor of the court retaining jurisdiction.[3] The defendant properly removed this case from state court, which required it to pay a filing fee of $350.00 and to incur appreciable attorney's fees in connection therewith.[4] Plaintiff has given no reason for her decision to drop her federal claim and the court must thus presume plaintiff thought remand to state court would be the result. The court finds it would be unfair to the defendant to order remand when the defendant has expended resources appropriately removing this case and plaintiff's apparent sole motivation in deleting the federal claim and seeking remand was so that the case would be returned to her preferred forum, Florida

---

[3] Considerations of convenience do not weigh in favor of either retaining jurisdiction or remanding to state court because this court and the court to which this case would be remanded are located within a mile of one another.

[4] Defendant has filed a motion for attorney's fees in the event the court orders remand. Title 28 U.S.C. § 1447(c), however, does not authorize attorney's fees under circumstances such as these; i.e. where removal was proper. See 28 U.S.C. § 1447(c). As a result defendant would have no ability to recoup its removal expenses if remand was ordered.

Page 4 of 4

state court.[5]

Accordingly, Plaintiff's Amended Motion to Remand (doc. 21) is DENIED. Defendant's Motion For Attorney's Fees and Costs (doc. 18) is DENIED.

DONE AND ORDERED on this 5th day of December 2007.

    s/ M. Casey Rodgers
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] If the fairness issue is resolved by plaintiff reimbursing defendant for its costs and attorney's fees incurred in connection with the removal the court would be amenable to reweighing the Cohill factors and reconsidering its order. For this to occur, plaintiff must file a motion within ten days of today's date advising the court that defendant has been reimbursed for its costs and fees, thus satisfying the court's fairness concerns, and asking the court to reconsider the present order. If no such motion is filed within the time allotted a scheduling order will be entered and discovery will commence.